IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| OPHELIA RILEY, individually and as administrator of the Estate of TOMMIE RILEY, <br><br>  Plaintiffs, <br><br> v. <br><br> STATE FARM MUTUAL INS. CO., and PROGRESSIVE CASUALTY INS. CO., <br><br> Defendants. | ) ) ) ) ) ) ) ) CIVIL CASE NO. 3:21-cv-401-ECM ) (WO) ) ) ) ) ) |

**MEMORANDUM OPINION and ORDER**

**I. INTRODUCTION**

Now pending before this action is Plaintiff Ophelia Riley's ("Riley") motion to remand (doc. 9) which is opposed by Defendants Progressive Casualty Insurance Company ("Progressive") and State Farm Mutual Insurance Company ("State Farm"). (Docs. 11 and 12). The motion is fully briefed, under submission, and ready for resolution without oral argument.

In this action, Riley alleges that on or about October 20, 2019, she sustained serious injuries and her husband died in an automobile collision in Jefferson County, Alabama. (Doc. 1-1, at 2-3). Individually, and as administrator of Tommie Riley's estate, Riley initiated this suit on April 30, 2021, by filing a complaint in the Circuit Court of Macon County, Alabama. (Doc. 1-1). Riley alleges claims of negligence, recklessness and wantonness, and wrongful death against fictitious defendants as well as claims of

underinsured/uninsured motorist coverage against Progressive and State Farm. (*Id.*) She seeks compensatory and punitive damages against the Defendants. (*Id.*).

State Farm removed this case from state court on the basis of diversity jurisdiction. 28 U.S.C. §§ 1332 and 1441. Progressive consented to the removal. (Doc. 1-6). Ophelia Riley is, and Tommie Riley was, a citizen of the State of Alabama. The notice of removal asserts that State Farm is a foreign corporation organized under the laws of the state of Illinois with its principal place of business in Illinois, and Progressive is a foreign corporation organized under the laws of Ohio with its principal place of business in Ohio. (Doc. 1 at 2).

Although Riley seeks compensatory and punitive damages, her complaint does not specify an amount of damages. In its notice of removal, State Farm asserts that the Court has jurisdiction over this matter because the parties are citizens of different states and the amount in controversy exceeds $75,000.00. Specifically, State Farm asserts that it is apparent from the complaint that the amount in controversy exceeds the jurisdictional threshold because the Plaintiff seeks compensatory and punitive damages for the negligent and/or wanton death of Tommie Riley and for serious injuries she sustained in the collision. In addition, the "Plaintiff's counsel submitted a letter dated February 23, 2021 communicating a pre-suit demand of $150,000 to State Farm." (*Id.*).

In response to the notice of removal, Riley filed a motion to remand asserting that the parties are not diverse because State Farm "has not met its burden of proving complete diversity of citizenship and the amount in controversy exceeds $75,000." (Doc. 9 at 2). Specifically, Riley argues that State Farm "has conducted so much business activity in the

state of Alabama that it can be considered a citizen of Alabama." (*Id*. at 4).  She further argues that "it is not 'facially apparent' that the amount in controversy exceeds $75,000" and her demand letter should be "construed as an attempt at posturing" rather than a measure of damages.  (*Id*. at 6).

Upon consideration of the motion to remand, and for the reasons that follow, the Court concludes that the motion is due to be DENIED.

## II.  JURISDICTION

Jurisdiction over this action is premised on the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Personal jurisdiction and venue are uncontested.

## III.  STANDARD OF REVIEW

In examining the issue of jurisdiction upon which the Defendants premise removal, the Court is mindful of the fact that federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  "They possess only that power authorized by Constitution and statute." *Dudley v. Eli Lilley & Co.*, 778 F.3d 909, 911 (11th Cir. 2014).

However, "[a]ny civil case filed in state court may be removed by the defendant to federal court if the case could have been brought originally in federal court." *Tapscott v. MS Dealer Serv. Corp*., 77 F.3d 1353, 1356 (11th Cir. 1996) (citing 28 U.S.C. § 1441(a)), *abrogated on other grounds by Cohen v. Office Depot, Inc*., 204 F.3d 1069 (11th Cir. 2000)).  The removal statute requires the notice of removal to "[contain] a short and plain statement of the grounds for removal . . . ." 28 U.S.C. § 1446(a).  The Supreme Court has interpreted the provision to have the same liberal pleading standard as that of a complaint

in federal court. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014) ("Congress, by borrowing the familiar 'short and plain statement' standard from Rule 8(a), intended to 'simplify the "pleading" requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'") (quoting H.R.Rep. No. 100–889, p. 71 (1988)).

"In a motion to remand, the removing party bears the burden of showing the existence of federal jurisdiction." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998). Any questions or doubts are to be resolved in favor of returning the matter to state court on a properly submitted motion to remand. *Burns*, 31 F.3d at 1095.

### IV.  DISCUSSION

The Defendants removed this case solely on the basis of diversity jurisdiction. Riley argues that because the insurance contract was signed in Alabama, State Farm has initiated lawsuits in Alabama, and it has a registered agent in Alabama, State Farm should be considered a citizen of Alabama, and thus there is not complete diversity of citizenship. (Doc. 9 at 4).

There is no dispute that Ophelia Riley is, and Tommie Riley was, a citizen of Alabama. Riley also does not dispute that Progressive is considered a citizen of Ohio for jurisdictional purposes. The first question the Court must answer is whether State Farm is considered a citizen of Alabama where it conducts some business in the state or whether it is a citizen of Illinois where it is incorporated and has its principal place of business.

"[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal

4

place of business." 28 U.S.C. § 1332(c)(1). In *Hertz Corp. v. Friend*, the Supreme Court determined that, for jurisdictional purposes, a corporation's principal place of business is where "a corporation's officers direct, control, and coordinate the corporation's activities." 559 U.S. 77, 92–93 (2010).

> And in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the "nerve center" and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

*Id*. at 93.

In asserting that State Farm should be considered a citizen of Alabama because it conducts business in the state, the Plaintiff relies on *Industrial Tectonics, Inc. v. Aero Alloy*, 912 F.2d. 1090 (9th Cir. 1990). (Doc. 9 at 4). Her reliance is misplaced. In *Hertz Corp.*, the Court rejected a "business activities" test to determine a corporation's principal place of business. *Hertz Corp.*, *supra*. State Farm asserts that for jurisdictional purposes, its principal place of business is in Illinois. The Plaintiff presents nothing to dispute that State Farm is incorporated in Illinois and its corporate headquarters is located there. Consequently, the Court concludes that State Farm is a citizen of Illinois for the purpose of establishing diversity jurisdiction, and thus, there is complete diversity between the parties.[1]

---

[1] The Court does not consider the citizenship of any potential fictitious parties for the purpose of determining jurisdiction.

The Court turns next to Riley's contention that the Defendants have failed to establish the amount of controversy exceeds the jurisdictional threshold. (Doc. 9 at 4). Relying on the Plaintiff's pre-suit demand letter dated January 13, 2021, Progressive argues that the demand letter is sufficient to establish that the amount in controversy exceeds $75,000. (Doc. 11-3). In addition, Progressive asserts that the demand for the policy limits of $150,000 demonstrates that the amount in controversy exceeds $75,000. Finally, Progressive contends that because this case involves claims of negligence, wantonness and wrongful death, it is apparent from the face of the complaint that the amount in controversy exceeds $75,000.

The complaint does not state an amount of damages. Where the amount in controversy is not evident from the face of the complaint, the removing party must demonstrate by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional minimum set by 28 U.S.C. § 1332. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010); *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1207 (11th Cir. 2007). The Plaintiff argues that it is not facially apparent from the complaint that the amount in controversy exceeds $75,000, the Defendants have not met their burden of establishing the amount in controversy and the pre-suit demand letter "should be construed as an attempt at posturing for the purposes of settlement negotiations." (Doc. 9 at 6).

Because the Plaintiff did not specify an amount of damages in her complaint, and because the Defendants removed this case within thirty (30) days of receipt of the

complaint, the Court concludes that the Defendants must establish by a preponderance of the evidence that the amount in controversy is met.

In response to the motion to remand, Progressive attached a pre-suit demand letter from Riley's counsel dated January 13, 2021, that offers to settle all of Ophelia's claims for the policy limits of $150,000. (Doc. 11-3 at 2-3). The letter describes in detail Ophelia's injuries, her medical expenses, and the mental anguish she continues to suffer. "As a result of the crash, Mrs. Riley suffered injuries and unfortunately, her husband lost his life. Mrs. Riley lives each day with the haunting memories of this fatal crash." (*Id*. at 2). Counsel described Ophelia's injuries as "right scalp hematoma, left heel laceration, hematoma to left anterior thigh, and left cuboid (foot) fracture." (*Id*.). She continued to suffer pain and was subsequently diagnosed with "displaced avulsion fracture (chip fracture) of the left talus." (*Id*.). The demand letter enumerated Riley's medical expenses from seven (7) medical providers as of the date of the letter as $65,255.44. (*Id*. at 3). It further stated that Riley will continue to have pain and suffering from the injuries. Counsel then demanded the policy limits of $150,000 to compensate Ophelia Riley. (*Id*.)

After the Defendants removed the case to this Court, and after Riley filed her motion to remand, on July 8, 2021, counsel sent Progressive another demand letter requesting $130,000 to "resolve her claim." (Doc. 11-4 at 2). "Mrs. Riley endured severe injuries and this accident has been life-changing to say the least." (*Id*.).

There is little dispute that "[a] settlement offer can constitute an 'other paper' within the meaning of 28 U.S.C. § 1446(b)." *Lowery*, 483 F.3d at 1212 n.62. And "[w]hile [a] settlement offer, by itself, may not be determinative, it counts for something." *Burns*, 31

7

F.3d at 1097. Riley contends that her pre-suit demand letter was nothing more than "an attempt at posturing for purposes of settlement negotiations prior to filing the subject lawsuit." (Doc. 9 at 6). Relying on *Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279 (S.D. Ala. 2009), Riley suggests that her first letter constituted "puffing and posturing."[2] (*Id*. at 6).

When a settlement letter provides little in the way of support or analysis, courts have afforded such settlement offers little weight --writing them off as "puffing and posturing." *Jackson*, 651 F. Supp. 2d at 1281 (A settlement offer has "little weight" in the amount-in-controversy calculus when it merely "reflect[s] puffing and posturing."); *Perkins v. Merion Realty Servs., LLC*, 2015 WL 998198, *2 (M.D. Ala. 2015) (a settlement letter that "fails to provide particularized information and a reasonable assessment of value . . . is indicative of posturing and abstract assessments."). However, in contrast, "when a settlement offer provides enough specific information to support the plaintiff's claim for damages to indicate that the offer is a reasonable assessment of the value of the plaintiff's claim, it is afforded additional weight." *Capps v. Winn-Dixie Stores, Inc.*, 2019 WL 5688148, *2 (M.D. Ala. 2019) (internal quotations removed); *Boland v. Auto-Owners Ins. Co.*, 2009 WL 4730681, *3 (M.D. Ala. 2009).

The Plaintiff's demand letter set forth in detail her injuries, medical expenses, and damages. It explains the nature of Riley's injuries, and how her injuries would support damages in the amount of $150,000. This is not a case where the Plaintiff made conclusory

---

[2] Riley does not reference her second letter. Nor does she mention that Progressive has agreed to pay uninsured motorist benefits to the Estate of Tommie Riley in the amount of the policy limits of $150,000. (Doc. 11 at 1).

and vague assertions about her injuries. The comprehensive description of Riley's injuries and medical expenses justifying her damages moves this case from the realm of puffery and posturing into a concrete assessment of damages. Only after facing the possibility of having her case remain in federal court does the Plaintiff characterize her settlement demand as "puffing and posturing."

> So, plaintiff's claim, when it is specific and in a pleading signed by a lawyer, deserves deference and a presumption of truth. We will not assume – unless given reason to do so – that plaintiff's counsel has falsely represented, or simply does not appreciate, the value of his client's case. Instead, we will assume that plaintiff's counsel best knows the value of his client's case and that counsel is engaging in no deception. We will further presume that plaintiff's counsel understands that, because federal removal jurisdiction is in part determined by the amount of damages a plaintiff seeks, the counsel's choices and representations about damages have important legal consequences and, therefore, raise significant ethical implications for a court officer.

*Burns*, 31 F.3d at 1095. The Court will take Plaintiff's counsel at her word and credit her assessment of her client's case as valued at $150,000, an amount which more than exceeds the Court's jurisdictional requirement.

Furthermore, in *Roe v. Michelin N. Am., Inc.*, the Eleventh Circuit held that, when a case is removed on the basis of an initial complaint that does not plead a specific amount of damages, the removing defendant is required to show by a preponderance of the evidence that more likely than not the amount in controversy exceeds the jurisdictional minimum. 613 F.3d 1058, 1061 (11th Cir. 2010). Under *Roe*, this Court can apply "judicial experience and common sense" to the allegations of the complaint regarding Riley's injuries and determine that, more likely than not, when coupled with her mental anguish

and medical expenses of $65,225.44 in January 2021, Riley's damages are sufficient to meet the jurisdictional minimum.

Moreover, Progressive asserts that that the Rileys had insurance policies with bodily injury liability limits of $100,000 per person, $300,000 per accident and uninsured/underinsured motorist limits of $50,000 per person, $100,000 per accident. (Doc. 11-2 at 2). "Put simply, a district court need not "suspend reality or shelve common sense in determining whether the face of a complaint ... establishes the jurisdictional amount." *Roe*, 613 F3d at 1062. Common sense dictates that the wrongful death claim of Tommie Riley, and Ophelia Riley's claim for damages, each easily exceed the jurisdictional threshold of $75,000.[3]

Riley's motion to remand relies entirely on lack of diversity. Because there is complete diversity between the parties, and the amount in controversy exceeds $75,000, the Court concludes that removal was proper.

## V. CONCLUSION

Accordingly, for the reasons as stated, and for good cause, it is

ORDERED that the Plaintiff's motion to remand (doc. 9) is DENIED.

DONE this 7th day of October, 2021.

                         /s/ Emily C. Marks
                         EMILY C. MARKS
                         CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Even if the Court were to apply the heightened "unambiguously established" standard set out in *Lowery*, the result would be the same. The Court concludes that the Defendants have established that the amount in controversy is met.